# JACKSON *v.* KNAPP.

### PATENTS; DILIGENCE IN REDUCING TO PRACTICE.

The bare assertion of inability to pay the expenses of application for a patent will not suffice to excuse a party charged with diligence to prevent the effect of delay, when the question of due diligence becomes important in determining the question of right as between such party and another who has been diligent and prior in point of time in coming into the Patent Office for a patent, although he may be subsequent in conception and perfecting his invention.

No. 137. Patent Appeals. Submitted March 13, 1900. Decided April 3, 1900.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. John S. Barker* for the appellants.

*Messrs. Elliott & Hopkins* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This appeal is from the Patent Office, and the case is one of interference between the claim of the appellants, William S. Jackson and Louis P. Perew, and that of the appellee, John D. Knapp, in regard to an improvement in handles for velocipedes. The issue of interference as formulated in the Patent Office, is as follows:

"A velocipede handle or grip of substantially ellipsoidal form, consisting of an inflatable bulb extending lengthwise of the grip, and provided in its lower portion with a groove or recess, and a rigid concave supporting plate arranged along the under side of the bulb and provided at its edge with a retaining lip or flange which engages in the groove or recess of the bulb."

The facts are few and simple, and seem to admit of little or no controversy. The appellee, Knapp, is the senior party to the interference, having filed his application in the Patent Office on the 15th of August, 1896. He filed a preliminary statement, though he took no testimony in support thereof, and he therefore stands on the record date of his application, and the constructive reduction to practice that follows therefrom.

The appellants, Jackson and Perew, the junior parties to the interference, filed their application on the 26th of May, 1897, more than nine months after the application of Knapp was filed. They filed a preliminary statement and produced evidence in support thereof. They allege in their preliminary statement that they conceived the invention involved in the interference, and explained the same to others, in the month of February, 1896; that they made a sketch or drawing of the invention in the month of March, 1896; but that they made no model of the invention, and have not reduced the same to practice. They stand, therefore, upon a mere constructive reduction to practice, by the filing of their application on May 26, 1897.

From the proof taken on the part of Jackson and Perew, it would appear to be clearly established that they jointly conceived the invention in issue several months prior to the record date of the constructive reduction to practice by the appellee, Knapp.

The appellants, Jackson and Perew, are therefore first to conceive and the last to reduce to practice. And from the considerable time that was allowed to elapse before filing their application, it follows that it is incumbent upon them to show such reasonable diligence in their efforts to reduce to practice and to apply to the office for a patent for the invention, as would preclude subsequent inventors the right to a patent for the same or similar invention.

It appears that Jackson and Perew executed an application for the invention, prepared by attorneys, on July 1, 1896, but it was not presented to the office; and the reason for not filing it at the office, as stated by Jackson, was "because Perew was a partner in the firm of Gillie, Godard & Co., manufacturers of bicycles, and he went to South America in the latter part of July, 1896, and before he returned, and within about a month of the time he left, the company made an assignment. At the same time I was not in a situation financially to go on with the case alone, and was unable to pay for the application, or for the services of Wilhelm & Bonner, until after Mr. Perew's return, which was in March, 1897."

Jackson then, in giving further explanation of the delay in making the application, said:

"From the time the idea was first conceived until the present time, I have talked with many people concerning the invention, and also with two or three bicycle manufacturers, with the idea of obtaining the manufacture and introduction of the same, but was unable to have anything done for the reason expressed, that I had not yet secured a patent. I had no facilities or means for manufacturing and introducing the same myself, nor had Mr. Perew."

And as an explanation why the application that was prepared July 1, 1896, was not filed, Perew says:

"I had no means, and the firm I was interested in was in financial difficulties at that time, and soon afterwards made an assignment; and Mr. Jackson had no means or was not able to go on alone with the application. The last of July, 1896, I went to South America, and did not return until March, 1897, and we then took the matter up again and got it in the Patent Office."

With all this excuse for the delay from July 1, 1896, when the application was prepared and in the hands of the attorney, to the 26th of May, 1897, it is manifest there was no sufficient excuse for the delay. It is a very easy thing to allege, and to say in testimony, that it was the want of financial means to pay the fees attending the application, that produced the delay in making it; and it is sometimes quite a difficult thing to do, to disprove the truth of such reason assigned. But where the delay, and the circumstances attending it, give rise to the presumption of negligence, as in the present case, the onus of proof is upon the party charged with the delay; and it is incumbent upon him or them to repel such presumption, by clear and definite proof. In this case, no such proof has been offered by the appellants.

The bare assertion of inability to pay the expenses of application for the patent will not suffice to excuse the party charged with diligence to prevent the effect of delay, when the question of due diligence becomes important in determining the question of right as between such party and another who has been diligent and prior in point of time in coming into the Patent Office for a patent, though he may be subsequent in conception, and perfecting his invention.

The testimony in this case is wholly insufficient to rebut the presumption arising from the delay in making the application, after the application was prepared and placed

in the hands of an attorney. There are no sufficient facts shown to overcome the presumption. The mere statement that the party was unable to pay the expenses of the application, without showing the special facts and circumstances that render him unable, will not do. The special facts should have been shown, and not mere general conclusions, which may have been wholly unjustified by the facts. How was it consistent with the general allegation of poverty, that one of the joint inventors, after the application had been prepared for the Patent Office, could afford to embark upon a long travel, and to remain absent for several months in a foreign country ? This certainly required money, and the expenditure of a considerable amount of it. And yet there is no explanation why some small part of the money so expended could not have been applied in placing the application for the invention before the Patent Office.

All the tribunals of the Patent Office, upon review of the facts in evidence, have concurred in the conclusion that the evidence is not sufficient to relieve the appellants from the consequences of negligence in filing their application; and upon careful examination of all the facts in proof, we find nothing to justify a different conclusion. The decision of the Commissioner must therefore be affirmed ; and a certificate of the proceedings and this decision, will be transmitted to the Commissioner of Patents, as required by the statute; and it is so ordered.          *Ruling affirmed.*